IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TELLICO AIR SERVICES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-CV-115 |
| ) | |
| AMERICAN NATIONAL PROPERTY ) | **JURY DEMAND** |
| & CASUALTY COMPANY ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES now the Plaintiff, Tellico Air Services, Inc. (sometimes hereinafter referred to as "Tellico Air"), and for its Amended Complaint against American National Property & Casualty Company (sometimes hereinafter referred to as "American National") would show unto the Court as follows:

1. Tellico Air Services, Inc. is a domestic corporation with its principal office located at 350 Airport Road, Madisonville, Tennessee 37354. Mr. Larry Hamilton is the president of Tellico Air Services, Inc.

2. American National Property & Casualty Company is a foreign insurance company with its principal office located at 1949 East Sunshine, Springfield, Missouri 65899-0001. American National has been properly served with process.

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1391.

4. Tellico Air Services, Inc. is the owner of a 1979 Fairchild SA-226TC Metroliner II aircraft (sometimes hereinafter referred to as "Metroliner"). Tellico Air's Metroliner has an FAA Registration Number of N324TA.

5. Tellico Air Services, Inc. had a contract of insurance with American National Property & Casualty Company that insured, among other things, the risk of property damage to Tellico Air Services, Inc.'s Metroliner aircraft. Specifically, the Policy Number of Tellico Air's insurance policy with American National is GA96-08749. The policy period for Policy Number GA96-08749 was from August 26, 2002 until August 26, 2003. A true, correct, and certified copy of the Policy of Insurance (sometimes hereinafter referred to as the "Policy") was attached to the original Complaint filed in this matter.

6. On or about February 26, 2003, Mr. Larry Hamilton was flying the Metroliner owned by Tellico Air Services, Inc. and insured by American National from Monroe County, Tennessee to Dayton, Ohio. Mr. Hamilton is a properly qualified pilot who meets all conditions under the Policy. Due to bad weather conditions and malfunctioning attitude indicators, Mr. Hamilton suddenly had trouble controlling the Metroliner and keeping the Metroliner in a straight and level flight attitude.

7. Due to the bad weather conditions and malfunctioning attitude indicators, the Metroliner experienced unusually high G-forces on its wings, tail, and airframe in general.

8. The Metroliner's attitude indicators suddenly began functioning properly, and Mr. Larry Hamilton was able to regain control of the Metroliner. Mr. Hamilton was able to safely land the Metroliner in Dayton, Ohio.

9. Mr. Hamilton inspected the Metroliner after landing in Dayton, Ohio. Mr. Hamilton immediately noticed property damage to the wings of the Metroliner. Specifically, the surface of both wings had been bent and wrinkled due to the high G-forces placed upon them during the accident that occurred in flight.

10. Tellico Air's policy of insurance with American National provides coverage for aircraft physical damage for Tellico Air's Metroliner aircraft.

11. Tellico Air had paid all policy premiums when due and satisfied all other conditions precedent for insurance coverage on the Metroliner aircraft.

12. Pursuant to the policy of insurance, Tellico Air made a timely demand upon American National to pay for the property damage to Tellico Air's Metroliner aircraft.

13. In spite of Tellico Air's demand to pay for property damage to the Metroliner pursuant to the Policy, American National has refused to pay Tellico Air for the entirety of the property damage that Tellico Air's Metroliner aircraft sustained in the in-flight accident that occurred on or about February 26, 2003.

14. The Metroliner aircraft owned by Tellico Air Services, Inc. sustained property damage in the amount of $236,569.19. Tellico Air has made a written demand upon its insurance carrier American National for $236,569.19 to pay for the property damage to the Metroliner aircraft, but American National refused said demand.

15. As a result of American National's refusal to pay its insured Tellico Air Services, Inc.'s demand for property damage in the amount of $236,569.19 pursuant to the Policy, American National is in breach of contract.

16. In American National's dealings with the Plaintiff, American National has withheld information from its insured Tellico Air Services, Inc. regarding the amount of property damage, as estimated by third-party professionals in the business of repairing airplanes, that Tellico Air's Metroliner sustained.

17. Instead of acting reasonably and negotiating with its insured in good faith, American National offered its insured Tellico Air the sum of $6,000.00 for property damage to the Metroliner, when an estimate prepared by an independent third-party in the business of repairing airplanes showed the property damage to the Metroliner to be $236,569.19.

18. American National's refusal to pay Tellico Air's demand for damage to the Metroliner under the policy in the amount of $236,569.19 was unreasonable and constitutes bad faith. Plaintiff Tellico Air sues American National for bad faith pursuant to Tenn. Code Ann. § 56-7-105, in an amount representing its extra expense incurred pursuing this claim.

19. American National's dealings with its insured Tellico Air constitute unfair and deceptive practices. As a result of American National's unfair and deceptive dealings with Tellico Air, Tellico Air has suffered an actual loss of money. Through its misrepresentations, actions, statements, and silence, American National's unfair and deceptive acts and practices caused Tellico Air to believe something that was false or misleading with regard to the actual property damage sustained and the reasonable cost to repair said property damage sustained by Tellico Air's Metroliner. Therefore, Tellico Air sues American National for violation of the Tennessee Consumer Protection Act found at Tenn. Code Ann. § 47-18-104(27). Tellico Air sues American National for treble damages, attorneys' fees, and costs of litigation pursuant to the Tennessee Consumer Protection Act.

**WHEREFORE**, premises considered, Plaintiff Tellico Air Services, Inc. demands as follows:

(a) That American National Property & Casualty Company be required to answer the Amended Complaint within the time permitted under law;

(b) That a judgment of $236,569.19 be entered in favor of Tellico Air Services, Inc. and against American National Property & Casualty Company for property damage to Tellico Air's Metroliner aircraft;

(c) That American National Property & Casualty Company be found to have violated the Tennessee Consumer Protection Act, which renders it liable to Tellico Air Services, Inc. for treble damages, attorneys' fees, and costs of litgation;

(d) That American National Property & Casualty Company be found to have acted in bad faith and liable for the bad faith penalty found at Tenn. Code Ann. § 56-7-105.

(e) That Tellico Air Services, Inc. be awarded both pre-judgment and post-judgment interest;

(f) That Tellico Air Services, Inc. be awarded its discretionary costs;

(g) That Tellico Air Services, Inc. be awarded its attorneys' fees; and

(h) That Tellico Air Services, Inc. be awarded any other relief to which this Court may deem it entitled.

Respectfully submitted this the 18th day of September, 2009.

                              By:  s/ Joshua M. Ball
                                    Joshua M. Ball (# 020626)
                                    Attorney for Plaintiff
                                    Hodges, Doughty & Carson, PLLC
                                    Post Office Box 869
                                    Knoxville, Tennessee  37901-0869
                                    (865) 292-2307

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing **AMENDED COMPLAINT** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

       Said parties are:

            Joe E. Manuel, Esq.
            240 Forest Avenue, Suite 301
            Chattanooga, TN  37405

       This 18th day of September, 2009.

                                                       **HODGES, DOUGHTY & CARSON**

                                    By:  <u>s/ Joshua M. Ball</u>
                                          Joshua M. Ball  (BPR # 020626)